UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jose Ademilson Martins Pereira,<br>A 221 216 889<br>　　　　　　Petitioner,<br><br>　v.<br>JAMAL L. JAMISON, in his official capacity as the Facility Administrator of the Philadelphia Federal Detention Center; MICHAEL T. ROSE, in his official capacity as acting Philadelphia Field Office Director for U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States, in her official capacity; and U.S. DEPARMENT OF JUSTICE;<br>　　　　　　Respondents. | Case No.　　26-cv-508<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

**ORDER**

**AND NOW**, this 13th day of February, 2026, upon consideration of JOSE ADEMILSON MARTINS PEREIRA'S Verified Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' opposition thereto, and Petitioner's reply, it is hereby **ORDERED** that the petition is **GRANTED**.[1] It is further **ORDERED** as follows:

---

[1] Petitioner Jose Ademilson Martins Pereira is a native and citizen of Brazil currently detained at the Philadelphia Federal Detention Center. He entered the United States on or about September 3, 2024, at or near Eagle Pass, Texas, without inspection and was subsequently paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). Following his release, Petitioner resided in Philadelphia, complied with all reporting requirements, and appeared at every scheduled supervision appointment with Immigration and Customs Enforcement ("ICE"). He timely filed an application for asylum before the Philadelphia Immigration Court on or about May 27, 2025, alleging that he fled Brazil after receiving threats against his life that placed both him and a child born in Brazil at risk of serious harm.

1. JOSE ADEMILSON MARTINS PEREIRA is **not** subject to mandatory detention under 8 U.S.C. § 1225(b)(1).

2. The government shall **release JOSE ADEMILSON MARTINS PEREIRA from custody immediately** and certify compliance with this order by filing

---

On January 15, 2026, Petitioner appeared for a routine check-in appointment with ICE in Philadelphia and was taken into custody without prior notice and without explanation for the change in custody. The Petition alleges that Petitioner has no criminal history, poses no danger to the community, and presents no risk of flight. Respondents contend Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1) because he was allegedly processed for expedited removal upon entry and, after parole ended, returned to that same custody posture. But the record presented in this case does not establish a lawfully executed expedited removal order sufficient to sustain mandatory detention under § 1225(b)(1): the Form I-860 produced by Respondents is identified as unsigned, unserved, and incomplete, with the operative "Order of Removal" portion left blank and supervisory concurrence not reflected.

Respondents once again urge this Court to accept that the invocation of "expedited removal" is itself sufficient to justify mandatory detention under 8 U.S.C. § 1225(b)(1). It is not. Congress did not permit the Government to impose mandatory detention by mere invocation of a statutory phrase. It authorized detention by lawful execution of a defined statutory process. When the Government fails to carry out the statutory process, it has no authority to detain under the provision it invokes.

The Government's submission rests on a Form I-860 that is unsigned, unserved, and incomplete. The operative "Order of Removal" section is blank. Supervisory concurrence is absent. Service is not reflected. These are not clerical imperfections; they are statutory predicates. An expedited removal order does not materialize because the Executive asserts one exists. It exists only if it was lawfully executed. On this record, it was not.

Judge Kearney recently rejected a materially similar attempt to sustain mandatory detention absent proof of a valid expedited removal process, finding "no basis for mandatory detention under an expedited removal process compliant with due process as applied in [the] case." *Seminario-Marcos v. Jamison*, No. 26-421 (E.D. Pa. Feb. 6, 2026). In granting habeas relief there, the court applied traditional procedural due process principles, weighing the private liberty interest, the risk of erroneous detention, and the Government's asserted interests under the framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The court emphasized that where the Government fails to demonstrate compliance with required procedures, courts must "ensure due process and end improper detention when warranted." That principle applies with equal force here.

The Court is mindful of Congress's broad authority over immigration and of the Supreme Court's recognition that detention may accompany removal proceedings. But broad authority is not boundless authority. The Executive may detain only in the manner Congress prescribed. It may not bypass statutory safeguards and then insist the judiciary defer to the result. Mandatory detention is an extraordinary power. It demands strict compliance with the law and leaves no room for shortcuts.

What is most concerning is not merely the defect in this record, but the Government's insistence that the defect is immaterial. The Court cannot accept the premise that incomplete execution, absent notice, and unsigned orders are sufficient to extinguish a person's liberty without bond. Liberty does not yield to administrative convenience. Where, as here, the Government invokes mandatory detention under § 1225(b)(1), they must adduce evidence of a valid, lawfully executed expedited removal process sufficient to sustain that extraordinary deprivation of liberty. It has not done so. On this record, the Court concludes Petitioner is not properly held under § 1225(b)(1) and therefore may not be denied an individualized custody determination on that basis. Accordingly, and consistent with this Court's approach in analogous post-parole re-detention cases, Petitioner's continued detention without an opportunity for a bond hearing is unlawful, and habeas relief is warranted.

proof of his release on the docket no later than **February 14, 2026 at 4:00 P.M. E.S.T.**

3. The government is temporarily enjoined from re-detaining JOSE ADEMILSON MARTINS PEREIRA for **seven days** following his release from custody.

4. If the government pursues re-detention of JOSE ADEMILSON MARTINS PEREIRA, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
HON. MIA R. PEREZ